RECEIVED
IN LAKE CHARLES, LA

FEB 16 2006

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| UNITED STATES OF AMERICA | : | DOCKET NO. 2:96 CR 20021-006 |
|---|---|---|
| VS. | : | JUDGE MINALDI |
| JAMES CHRISTOPHER ALLEN | : | MAGISTRATE JUDGE WILSON |

## MEMORANDUM RULING

Presently before the court is James Christopher Allen's ("Allen") Motion for a New Trial pursuant to F.R.Civ.P. 60(b)(2) [1]. The Government has opposed the motion.

Procedural History

On March 14, 1996, a federal grand jury returned a ten-count indictment charging the defendant and thirteen other individuals with drug trafficking offenses.[2] The defendant was charged in Counts 1, 2 and 8.[3]

Count 1 charged the defendant with conspiracy to distribute cocaine base. Count 8 charged him with distributing 425 grams of cocaine base on May 18, 1994.

---

[1] The defendant filed a Motion for a New Trial pursuant to F.R.Civ.P. 60(b)(2) [doc. 567]. The court advised the defendant that this motion would be construed as a motion pursuant to 28 U.S.C. §2255 [doc. 568] and gave him the opportunity to withdraw the motion if he so desired. The defendant filed a response [doc. 569] stating that he did not want his motion considered as having been filed pursuant to §2255, but he did not withdraw his motion. The Government was then ordered to answer.

[2] Indictment [doc. 1].

[3] During the trial, the Government moved to dismiss Count 2 of the indictment against Allen.

On September 6, 1996, after three days of jury trial, the defendant was found guilty of both Counts 1 and 8.

On February 20, 1997, the defendant was sentenced to 324 months imprisonment as to Count 1 and 324 months imprisonment on Count 8. The sentences are to be served concurrently. The defendant's conviction and sentence were affirmed by the Fifth Circuit Court of Appeals.[4]

On May 4, 1999, the defendant filed a Motion to Vacate, Set Aside or Correct his sentence pursuant to 28 U.S.C. §2255. This motion was denied on June 11, 1999 [docs. 512, 516]. This court and the Fifth Circuit Court of Appeals denied the defendant's applications for certificates of appealability [docs. 522, 524].

On November 17, 2005, Allen filed the instant motion.

### Law

The defendant seeks relief under Fed.R.Civ.P. 60(b) which provides for relief from final judgment for six alternative reasons: "(1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment." Fed.R.Civ.P. 60(b).

In the instant motion, the defendant is seeking relief based upon Rule 60(b)(2), newly discovered evidence. Allen argues that the judgment upon which his conviction was based has been

---

[4] *United States v. James Christopher Allen*, No. 97-30247 (5th Cir. April 23, 1998).

reversed or otherwise vacated as a result of the *Booker* and *Blakely* decisions. Allen argues that the Sixth Amendment was violated in this case by the Government's failure to prove the actual drug amount and drug type to the jury beyond a reasonable doubt.

The Government contends that this is a successive §2255 motion and this court does not have jurisdiction until the Fifth Circuit has granted permission to file a successive §2255 motion.

In *United States v. Rich*, 141 F.3d 550, 553 (5th Cir. 1993), a defendant's motion filed pursuant to Fed.R.Civ.P. 60(b) was construed as the functional equivalent of a §2255 motion. The title of a motion does not obviate the requirement that a defendant obtain permission from the court of appeal to file a successive §2255 motion. *Rich*, 141 F.3d at 553.

In *Gonzalez v. Crosby*, 125 S.Ct. 2541 (2005), the Supreme Court held that a Rule 60(b) motion is not the equivalent of a successive §2255 motion if the Rule 60(b) motion attacks some defect in the integrity of the federal habeas proceedings rather than the substance of the federal court's resolution of a claim on the merits. *Gonzalez*, 125 S.Ct. at 2648. A Rule 60(b) motion attacking the underlying conviction, such as the instant motion, must be treated as a new §2255 motion. *Gonzalez*, 125 S.Ct. at 2646[5]. The language in *Rich* has not been altered by *Gonzalez*. This court advised the defendant that his motion would be considered as having been filed pursuant to §2255 and gave him the opportunity to withdraw the motion, which he opted not to do.

Accordingly, this Rule 60(b) motion is a successive §2255 motion. Before this motion can be considered by this court, Allen is required to obtain authorization from the Fifth Circuit. Until

---

[5] Although the Supreme Court specifically held that its ruling was limited to 2254 motions, several courts have begun to apply the holding to §2255 motions as well. See *U.S. v. Scott*, 414 F.3d 815 (7th Cir. Jul 17, 2005); *U.S. v. Terrell*, 141 Fed.Appx. 849 (11th Cir. Jul 19, 2005).

3

such time as the defendant obtains such an authorization, this court is without jurisdiction to proceed.

When a petitioner files a successive §2255 motion without having obtained prior authorization from the Fifth Circuit, the district court may, in its discretion, transfer the matter to the appropriate court of appeals or dismiss. *In re Epps*, 127 F.3d 364 (5th Cir. 1997). Accordingly, this matter will be transferred to the Fifth Circuit.

Lake Charles, Louisiana, this 15 day of February, 2006.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

4