U. S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - ALEXANDRIA

OCT - 3 2008

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAKE CHARLES DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | DOCKET NO. 96-cr-20021-06 |
| VS. | : | JUDGE TRIMBLE |
| JAMES CHRISTOPHER ALLEN | : | MAGISTRATE JUDGE KAY |

## JUDGMENT

Defendant, James Christopher Allen, has filed a "Modification of Imposed Term of Imprisonment for retroactive Amendment to the Sentencing Guidelins [sic] 918 U.S.C. § 3582 (c)(2))" to the United States Sentencing Guidelines" (doc. #579). On April 1, 2008, the Office of the Probation Officer for the Western District of Louisiana forwarded a letter to the United States Attorney's Office and the Federal Public Defender's Office advising that the Probation Office had determined that defendant, Mr. Allen is not eligible for a reduction in his original sentence. As of this date, no objections have been filed.

Effective November 1, 2007, the U.S. Sentencing Commission adopted an amendment to the U.S. Sentencing Guidelines decreasing crack offense levels by two. On December 11, 2007, the U.S. Sentencing Commission made the amendment retroactive.

This retroactivity opened the door to a review of individuals who had been sentenced pursuant to U.S.S.G. § 2D1.1. The vehicle for this review is a motion pursuant to 18 U.S.C. § 3582 (c)(2). After a recalculation by the U.S. Probation Department, individuals may be eligible for a two-level reduction in their offense level and a corresponding reduction in sentence. Section 3582

does not require the court to grant a reduction.

Section 3582(c)(2) states that reductions may be made "if such a reduction is consistent with applicable policy statements issued by the U.S. Sentencing Commission." The policy statement on retroactivity is found in U.S.S.G. § 1B1.10.

Section 1B1.10(a)(3) clearly states that sentence adjustments pursuant to this guideline amendment do not constitute full re-sentencings. The policy statement further limits review in 1B1.10(b) by mandating that the court is to determine the amended guideline range applicable to the defendant if the amendment had been in effect at the time of the original sentencing. The court is to substitute only the amendments listed in subsection (c) and shall *leave all other guideline application decisions unaffected* (emphasis added).

In the instant matter, the U.S. Probation Office determined that the amended guidelines did not result in a reduction of the range of imprisonment due to the quantity of cocaine base involved. Accordingly, it is

**ORDERED, ADJUDGED AND DECREED** that the motion for a modification of imposed term of imprisonment is hereby **DENIED.**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 3rd day of October, 2008.

JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE